DANIEL DENNY & al. versus JOHN METCALF & Trustees.

The same person cannot at the same time, in a suit at law, be a plaintiff and defendant, where a contract is to be enforced.

If an action be brought against two persons as partners, and one of the defendants and two others as partners in another concern, are summoned as trustees, they cannot be holden as trustees, and must be discharged.

THIS was an action of assumpsit, against John Metcalf and S. Wetherbee, as partners doing business in the name of Metcalf & Wetherbee, and the same John Metcalf, with Cushman & Lee, doing business in the name of Cushman, Metcalf & Lee, were summoned as trustees. These facts appeared on the answers of the alleged trustees. The district Judge decided, that the trustees should be discharged. The plaintiffs filed exceptions.

*W. H. Clark*, for the defendant, contended, that the trustees ought to be charged.

In his argument he cited 1 Gallison, 367 ; 25 Maine R. 256 ; 10 Mass. R. 346 ; 15 Mass. R. 123 ; 1 B. & P. 539 ; 1 East, 20 ; Cooke's Bankr. 521 ; 2 Fairf. 196 ; 3 Pick. 420 ; 5 Mass. R. 199 ; Cush. Tr. Pr. 336 ; 10 Mass. R. 345.

*May*, for the trustees, contended, that the law did not permit the same person to be both defendant and trustee; and cited 2 Fairf. 196 ; Gow on Part. 132 ; 5 Com. Dig. 85.

The opinion of the Court was drawn up by

TENNEY J. — This suit is against a firm consisting of John Metcalf and one Wetherbee, as principal defendants, and another firm consisting of the same John Metcalf and one Cushman, and one Lee, as trustees. It appears by the disclosure made by Cushman in behalf of the firm of which he is a member, that at the time of the service of the writ upon them, there was a balance in their hands, which was due to the firm of Metcalf & Wetherbee ; they claim to be entitled to hold this balance for the purpose of discharging their partnership debts, the affairs of the firm not having been closed, and their liabilities being, as they believe, greater than the amount of

this balance. Their counsel insist also, that the relation which they hold to the principal defendants is such that they cannot be holden as trustees.

It is a general rule, that partners in their collective capacity are entitled to the same remedies, to be administered in the same way, as individuals have for the assertion of their rights and the redress of their wrongs. There are exceptions to this rule; one is, where the suit is between the firm and one of the partners; or between two firms, in each of which one and the same person is a partner; it is treated as an unjustifiable anomaly, if not an absurdity, that one and the same person should in the same suit at once sustain the twofold character of plaintiff and defendant, to enforce a right and redress a wrong. Story on Partnership, $ 234. Gow, in his Treatise on Partnership, page 132, says, " the individuality of the person of the co-partner cannot be severed, no man can contract with himself, nor can he bind himself in the society of one set of persons, to another, in which he is also a partner. Neither the contract nor the negotiable security can be made the foundation of an action at law. It makes no difference, whether the action be brought in the lifetime or after the decease of the common partner, because as no legal contract ever existed, it cannot in any event be rendered available at law."

The firm of Cushman, Metcalf & Lee, are claimed to be holden on account of their contract with the firm of Metcalf & Wetherbee. The trustee process, is a mode of enforcing that contract by a suit at law. But it is insisted for the plaintiffs, that although the trustees are summoned into Court in a suit at law, yet after they have appeared, the proceedings touching the liability of the trustee are distinct from those between the plaintiffs and the principal defendants, the former being analogous to proceedings in equity. This proposition cannot be maintained. That a person may be holden as trustee, he must be liable to the principal by virtue of some contract, express or implied. Rev. Stat. c. 119, $ 4. The process is a mode by which such contract may be enforced for

Denny v. Metcalf.

the benefit of the creditor of the principal debtor. The one summoned as trustee, being indifferent between the parties, is allowed to disclose under oath the state of dealings between him and the principal defendant. The disclosure cannot be directly contradicted in that suit. It is not conclusive between the principal defendant and the trustee, so as to preclude the former from enforcing his original contract, if the trustee has unlawfully and improperly discharged himself in the trustee process, when he was really liable. The original trustee suit, is a process in law; it can have no other effect upon the trustee, than to obtain a judgment charging him, without the specification of any sum, or of discharging him. If he is charged, the execution runs only against the goods, effects and credits of the principal debtor, in the hands of the trustee. If the trustee fails upon proper demand to expose the goods, effects and credits of the debtor, he is subject to the process of *scire facias*, which is an action at law; and upon a judgment thereon, he is liable in all respects as a debtor, for a certain amount and to have his lands or goods taken, or his body arrested on execution. For the purpose of enabling a creditor to avail himself of means which cannot be reached by a direct attachment, the proceedings in foreign attachment are provided. It could not have been contemplated by the Legislature that it could be construed to change the principle referred to, that the same person cannot at the same time in a suit at law, be a plaintiff and defendant, where a contract is attempted to be enforced.

*Exceptions overruled.*