SUSQUEHANNA COAL CO. v. PRATT & YOUNG, Inc., et al.

(District Court, D. Massachusetts. May 1, 1918.)

No. 883.

Garnishment &wkey;22—Persons Subject to Garnishment—Codefendants.

    Under Rev. Laws Mass. c. 189, § 1, providing that "any person or corporation may be summoned as trustee of the defendant," one of a number of defendants jointly sued in tort may also be summoned as trustee of any or all of the others.

At Law. Action by the Susquehanna Coal Company against Pratt & Young, Incorporated, and others. On motion by trustees to dismiss. Denied.

Hale, Grinnell & Swaim, of Boston, Mass., for plaintiff.

Hurlburt, Jones & Hall and Henry F. Hurlburt, all of Boston, Mass., for defendants.

&wkey;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MORTON, District Judge. This is an action in tort, brought by the Susquehanna Coal Company against Pratt & Young, Incorporated, a corporation, R. K. Pratt, and J. W. Young. The ad damnum is large ($500,000), and many corporations and persons are summoned as trustees (or garnishees) of the principal defendants. Among the trustees so summoned are the three principal defendants. The corporation, Pratt & Young, Incorporated, is summoned as trustee of the individual defendants; Pratt is summoned as trustee of the corporation and of Young; and Young is summoned as trustee of the corporation and Pratt. The identity of the said trustees with the defendants appears on the face of the writ and was admitted by counsel for the plaintiff at the hearing on the motion. Each of the defendant trustees has moved that the writ be dismissed as to it or him, as trustee, upon the ground that the same person cannot be made both defendant and trustee in the same writ.

The liability asserted against the principal defendants, being in tort, is a joint one. The question is whether one of three defendants jointly sued may also be summoned as trustee of the other two defendants. The statute on which the writ is based (Rev. Laws Mass. c. 189) provides that "any person or corporation may be summoned as trustee of the defendant." Section 1. The person summoned as trustee is required to disclose by answer "what goods, effects, or credits, if any, of the defendant were in" his hands at the time when the writ was served upon him. Section 9. "The answer and statements of a trustee, under oath, shall be considered as true in determining how far he is chargeable." Section 15. All "goods, effects, or credits of the defendant which have been intrusted to, or deposited in the hands or possession of, a person who is summoned as his trustee" are, with certain exceptions, subject to attachment in this way. Section 19.

The question presented seems not to have been decided in Massachusetts. In Denny v. Metcalf, 28 Me. 389, an action was brought against two persons as partners. One of the defendants and two third persons, partners in another firm, were summoned as trustees. It was held that the alleged trustees could not be charged as such, upon the ground that no action could have been maintained by one firm against the other. If the test be, as suggested in the decision just cited, whether an action could be maintained by the principal defendant against the trustee, the attachments under consideration are valid. The statute in question says explicitly that "any person or corporation may be summoned as trustee of the defendant." Section 1, supra. No practical difficulty prevents giving the statute its full effect in the case at bar. If the property of a joint tort-feasor in the possession of a third person is subject to trustee attachment, it is difficult to see why it should not also be subject to such attachment in the hands of one of the other tort-feasors. I therefore reach the conclusion that the attachment is good, and that the motion to dismiss must be denied.